Matthew C. Sgnilek, Esq., SBN 235299
msgnilek@ohaganmeyer.com
Andrea Rosenkranz, Esq. SBN 301559
arosenkranz@ohaganmeyer.com
O'HAGAN MEYER LLP
4695 MacArthur Court, Suite 210
Newport Beach, CA 92660
Telephone: (949) 942-8500
Facsimile: (949) 942-8510

Attorney for Defendant,
BROSNAN RISK CONSULTANTS, LTD

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MURILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BROSNAN RISK CONSULTANTS, LTD; and DOES 1 through 20, inclusive.<br><br>Defendants. | Case No.<br><br>**DECLARATION OF MATTHEW C. SGNILEK, ESQ. IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**<br>**[CAFA JURISDICTION]**<br><br>Complaint Filed:  March 12, 2021<br>Trial Date:        TBD |

I, Matthew C. Sgnilek, declare as follows:

1.      I am an attorney duly admitted to practice in all of the courts of the State of Califorina and I am a partner with O'Hagan Meyer, attorneys of record for Defendant BROSNAN RISK CONSULTANTS, LTD ("Defendant").  The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

1

DECLARATION OF MATTHEW C. SGNILEK, ESQ. IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

2.      Attached hereto as Exhibit 1 is a true and correct copy of the Summons, Complaint, and Civil Case Cover Sheet, which were filed in the Superior Court of California, County of San Bernardino, Case Number CIVSB2106646, on March 12, 2021.

3.      Attached hereto as Exhibit 2 is a true and correct copy of the Certificate of Assignment, which was filed in the Superior Court of California, County of San Bernardino, Case Number CIVSB2106646, on March 12, 2021.

4.      Attached hereto as Exhibit 3 is a true and correct copy of the Initial Case Management Order, which was filed in the Superior Court of California, County of San Bernardino, Case Number CIVSB2106646, on April 12, 2021.

5.      Attached hereto as Exhibit 4 is a true and correct copy of the Proof of Service of Summons and Complaint, which was filed in the Superior Court of California, County of San Bernardino, Case Number CIVSB2106646, on April 23, 2021.

6.      Attached hereto as Exhibit 5 is a true and correct copy of the Joint Initial Status Conference Statement, which was filed in the Superior Court of California, County of San Bernardino, Case Number CIVSB2106646, on June 16, 2021.

7.      Attached hereto as Exhibit 6 is a true and correct copy of Defendant's Notice of Appearance, which was filed in the Superior Court of California, County of San Bernardino, Case Number CIVSB2106646, on June 16, 2021.

8.      Attached hereto as Exhibit 7 is a true and correct copy of the Court's Minute Order following the Complex Case Management Conference, which was filed in the Superior Court of California, County of San Bernardino, Case Number CIVSB2106646, on June 23, 2021.

///

///

DECLARATION OF MATTHEW C. SGNILEK, ESQ. IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

9.      Attached hereto as Exhibit 8 is a true and correct copy of Defendant's Answer, which was filed in the Superior Court of California, County of San Bernardino, Case Number CIVSB2106646, on July 23, 2021.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on July 23, 2021, at Newport Beach, California.



_____

Matthew C. Sgnilek

DECLARATION OF MATTHEW C. SGNILEK, ESQ. IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

# Exhibit "1"



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BROSNAN RISK CONSULTANTS, LTD; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RAYMOND MURILLO, individually and on behalf of all others similarly situated,

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 1 2 2021

BY _____ EDUARDO HERNANDEZ, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of the State of California, County of San Bernardino 247 West Third Street, San Bernardino, CA 92415 | CIVSB 2 1 0 6 6 4 6 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jessica L. Campbell, AEGIS LAW FIRM, PC, 9811 Irvine Center Dr., #100, Irvine, CA 92618, 949.379.6250

| DATE: *(Fecha)* MAR 1 2 2021 | Clerk, by *(Secretario)* EDUARDO HERNANDEZ | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

COPY

1 | **AEGIS LAW FIRM, PC**
2 | SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
3 | JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
4 | Irvine, California 92618
Telephone: (949) 379-6250
5 | Facsimile: (949) 379-6251
Email: jcampbell@aegislawfirm.com
6 |
7 | Attorneys for Plaintiff Raymond Murillo, individually,
and on behalf of all others similarly situated.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 1 2 2021

BY
EDUARDO HERNANDEZ, DEPUTY

8

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **FOR THE COUNTY OF SAN BERNARDINO**

11

12 | RAYMOND MURILLO, individually and
on behalf of all others similarly situated,
13 |
Plaintiffs,
14 |
15 | v.
16 | BROSNAN RISK CONSULTANTS, LTD;
and DOES 1 through 20, inclusive,
17 |
Defendants.
18
19
20
21
22
23
24
25
26
27
28

Case No.

# CIV SB 2 1 0 6 6 4 6

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Minimum Wages;

2. Failure to Pay Overtime Wages;

3. Failure to Provide Meal Periods;

4. Failure to Permit Rest Breaks;

5. Failure to Reimburse Business Expenses;

6. Failure to Provide Accurate Itemized Wage Statements;

7. Failure to Pay Weekly;

8. Failure to Pay All Wages Due Upon Separation of Employment; and

9. Violation of Business and Professions Code §§ 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

1        Plaintiff Raymond Murillo, individually and on behalf of others similarly situated, alleges

2 as follows:

3                      **NATURE OF ACTION AND INTRODUCTORY STATEMENT**

4     1.     Plaintiff Raymond Murillo ("Plaintiff") brings this putative class action against

5 defendants Brosnan Risk Consultants, LTD, and DOES 1 through 20, inclusive ("Defendants"),

6 on Plaintiff's own behalf and on behalf of a putative class of Defendants' non-exempt employees

7 throughout California.

8     2.     Defendants are in the industry of security services.

9     3.     Through this action, Plaintiff alleges that Defendants engaged in a systematic

10 pattern of wage and hour violations under the California Labor Code and Industrial Welfare

11 Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair

12 competition.

13     4.     Plaintiff is informed and believe, and thereon alleges, that Defendants have

14 increased their profits by violating state wage and hour laws by, among other things:

15           (a)     failing to pay all wages (including minimum wages and overtime wages);

16           (b)     failing to provide lawful meal periods or compensation in lieu thereof;

17           (c)     failing to authorize or permit lawful rest breaks or provide compensation

18                 in lieu thereof;

19           (d)     failing to reimburse necessary business-related costs;

20           (e)     failing to provide accurate itemized wage statements; and

21           (f)     failing to pay all wages due upon separation of employment.

22     5.     Plaintiff seeks monetary relief against Defendants on behalf of himself and all

23 others similarly situated in California to recover, among other things, unpaid wages, un-

24 reimbursed business expenses, benefits, interest, attorneys' fees, costs and expenses, and

25 penalties pursuant to Labor Code §§ 201, 201.3, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194,

26 1194.2, 1197, 1198, 2800, and 2802, and Code of California Civil Procedure § 1021.5.

27    / / /

28    / / /

-1-

1

## JURISDICTION AND VENUE

2    6.    This is a class action pursuant to California Code of Civil Procedure § 382. The
3 monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of
4 the Superior Court and will be established according to proof at trial.

5    7.    This Court has jurisdiction over this action pursuant to the California
6 Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes
7 except those given by statutes to other courts. The statutes under which this action is brought do
8 not specify any other basis for jurisdiction.

9    8.    This Court has jurisdiction over all Defendants because, upon information and
10 belief, they are citizens of California, have sufficient minimum contacts in California, or
11 otherwise intentionally avail themselves of the California market so as to render the exercise of
12 jurisdiction over them by the California courts consistent with traditional notions of fair play and
13 substantial justice.

14    9.    Venue is proper in this Court because, upon information and belief, Defendants
15 reside, transact business, or have offices in this county, and the acts and omissions alleged herein
16 took place in this county.

17

## THE PARTIES

18    10.   Plaintiff is a resident of California and worked for Defendants during the relevant
19 time periods as alleged herein.

20    11.   Plaintiff is informed and believes, and thereon alleges that at all times hereinafter
21 mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as
22 employers, whose employees were and are engaged throughout this county and the State of
23 California.

24    12.   Plaintiff is unaware of the true names or capacities of the defendants sued herein
25 under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this
26 Complaint and serve such fictitiously named defendants once their names and capacities become
27 known.

28

-2-

1    13.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20
2    are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at
3    all relevant times.

4    14.    Plaintiff is informed and believes, and thereon alleges, that each defendant acted
5    in all respects pertinent to this action as the agent of the other defendant, carried out a joint
6    scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant
7    are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the
8    employer and/or joint employer of Plaintiff and the class members.

9    15.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts
10   and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES
11   1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the
12   other's behalf. The acts of any and all Defendants were in accordance with, and represent, the
13   official policy of Defendants.

14   16.    At all relevant times, Defendants, and each of them, acted within the scope of
15   such agency or employment, or ratified each and every act or omission complained of herein. At
16   all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of
17   each and all the other Defendants in proximately causing the damages herein alleged.

18   17.    Plaintiff is informed and believes, and thereon alleges, that each of said
19   Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,
20   omissions, occurrences, and transactions alleged herein.

21                                   **CLASS ACTION ALLEGATIONS**

22   18.    Plaintiff brings this action under Code of Civil Procedure § 382 on Plaintiff's own
23   behalf and on behalf of all others similarly situated who were affected by Defendants' Labor
24   Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

25   19.    All claims alleged herein arise under California law for which Plaintiff seeks
26   relief authorized by California law.

27   20.    Plaintiff's proposed class consists of and is defined as follows:

28

-3-

Class

All California residents currently or formerly employed by Defendant as non-exempt employees in the State of California at any time between September 14, 2016[1] and the date of class certification ("Class").

21. Plaintiff also seeks to certify the following subclasses of employees:

Waiting Time Subclass

All members of the Class who separated their employment with Defendant at any time between September 14, 2017 and the date of class certification ("Waiting Time Subclass").

22. Plaintiff reserves the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

23. Members of the Class and the Waiting Time Subclass described above will be collectively referred to as "Class Members."

24. There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

(a) Whether Defendants failed to pay Plaintiff and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiff and Class Members.

(b) Whether Defendants required Plaintiff and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay them proper overtime compensation for all overtime hours worked.

---

[1] The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020 pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

-4-

(c)     Whether Defendants deprived Plaintiff and Class Members of timely meal periods or required Plaintiff and Class Members to work through meal periods without legal compensation.

(d)     Whether Defendants deprived Plaintiff and Class Members of rest breaks or required Plaintiff and Class Members to work through rest breaks.

(e)     Whether Defendants failed to reimburse Plaintiff and Class Members for necessary business-related costs expended for the benefit of Defendants.

(f)     Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements.

(g)     Whether Defendants were required to and failed to pay wages weekly to Plaintiff and Class Members.

(h)     Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(i)     Whether Defendants' conduct was willful or reckless.

(j)     Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq*.

25.     There is a well-defined community of interest in this litigation and the proposed Class and subclasses are readily ascertainable:

(a)     Numerosity: The Class Members are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than fifty (50) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)     Typicality: Plaintiff's claims (or defenses, if any) are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries

-5-

1  sustained by the Class Members, because they arise out of and are caused by Defendants'
2  common course of conduct as alleged herein.

3      (c)    Adequacy: Plaintiff will fairly and adequately represent and protect the
4  interests of all Class Members because it is in Plaintiff's best interest to prosecute the claims
5  alleged herein to obtain full compensation and penalties due. Plaintiff's attorneys, as proposed
6  class counsel, are competent and experienced in litigating large employment class actions and
7  versed in the rules governing class action discovery, certification, and settlement. Plaintiff has
8  incurred and, throughout the duration of this action, will continue to incur attorneys' fees and
9  costs that have been and will be necessarily expended for the prosecution of this action for the
10  substantial benefit of the Class Members.

11      (d)    Superiority: The nature of this action makes use of class action
12  adjudication superior to other methods. A class action will achieve economies of time, effort, and
13  expense as compared with separate lawsuits and will avoid inconsistent outcomes because the
14  same issues can be adjudicated in the same manner for the entire Class and Waiting Time
15  Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods
16  to efficiently manage this case as a class action.

17      (e)    Public Policy Considerations: Employers in the State of California violate
18  employment and labor laws every day. Current employees are often afraid to assert their rights
19  out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions
20  because they believe their former employers might damage their future endeavors through
21  negative references and/or other means. Class actions provide class members who are not named
22  in the complaint with a type of anonymity that allows for the vindication of their rights while
23  affording them privacy protections.

24                          **GENERAL ALLEGATIONS**

25      26.    At all relevant times mentioned herein, Defendants employed Plaintiff and other
26  California residents as non-exempt employees or employees throughout California at
27  Defendants' California business location(s).

28

-6-

1    27.    Defendants continue to employ non-exempt employees or employees within
2 California.

3    28.    Plaintiff is informed and believes, and thereon alleges, that at all times herein
4 mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who
5 were knowledgeable about California's wage and hour laws, employment and personnel
6 practices, and the requirements of California law.

7    29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
8 should have known that Plaintiff and Class Members were entitled to receive wages for all time
9 worked (including minimum wages and overtime wages) and that they were not receiving all
10 wages earned for work that was required to be performed. In violation of the Labor Code and
11 IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum
12 wages and overtime wages) for all hours worked, including, but not limited to requiring Plaintiff
13 and Class Members to work off-the-clock and through meal periods, requiring Plaintiff and Class
14 Members to remain on premises and on call during meal periods, rounding the hours worked by
15 Plaintiff and Class Members to Defendants' advantage, and failing to compensate Plaintiff and
16 Class Members for these hours.

17    30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
18 should have known that Plaintiff and Class Members were entitled to receive all required meal
19 periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular
20 rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the
21 Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal periods
22 or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of
23 pay when they did not receive a timely, uninterrupted meal period.

24    31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
25 should have known that Plaintiff and Class Members were entitled to receive all rest breaks or
26 payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay
27 when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC Wage
28 Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1)

-7-

1     additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break
2     was missed, late, interrupted, or on-duty.

3         32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
4     should have known that Plaintiff and Class Members were entitled to reimbursement and/or
5     indemnification for all necessary business expenditures or losses as a direct consequence of the
6     discharge of their duties, or of their obedience to the directions of Defendants. In violation of the
7     Labor Code and IWC Wage Orders, Plaintiff and Class Members incurred necessary business
8     expenses or losses, such as personal cell phone use required to use Defendants' Mobile App, but
9     were not reimbursed nor indemnified of such expenses or losses that were incurred as a direct
10    consequence of the discharge of their duties, or of their obedience to the directions of
11    Defendants.

12        33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
13    should have known that Plaintiff and Class Members were entitled to receive itemized wage
14    statements that accurately showed the following information pursuant to the Labor Code: (1)
15    gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units
16    earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all
17    deductions, provided that all deductions made on written orders of the employee may be
18    aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for
19    which the employee is paid; (7) the name of the employee and only the last four digits of his or
20    her social security number or an employee identification number other than a social security
21    number; (8) the name and address of the legal entity that is the employer; and (9) all applicable
22    hourly rates in effect during the pay period and the corresponding number of hours worked at
23    each hourly rate by the employee. In violation of the Labor Code, Plaintiff and Class Members
24    were not provided with accurate itemized wage statements.

25        34.    Defendants knew or should have known that they were required to pay Plaintiffs
26    and Class Members on a weekly basis. Plaintiffs and Class Members provided security services
27    and/or were employed as security guards who were assigned to provide security services to
28

-8-

1  specific businesses, often on a temporary basis, for under ninety (90) days. Yet Plaintiffs and

2  Class Members were not paid on a weekly basis as required under Labor Code § 201.3.

3      35.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

4  should have known that the Waiting Time Subclass was entitled to timely payment of wages due

5  upon separation of employment. In violation of the Labor Code, the Waiting Time Subclass did

6  not receive payment of all wages within the permissible time periods.

7      36.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

8  should have known they had a duty to compensate Plaintiff and Class Members, and Defendants

9  had the financial ability to pay such compensation but willfully, knowingly, and intentionally

10  failed to do so in order to increase Defendants' profits.

11      37.    Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief

12  against Defendants on Plaintiff's own behalf and on behalf of all Class Members to recover,

13  among other things, unpaid wages (including minimum wages and overtime wages), unpaid meal

14  period premium payments, unpaid rest period premium payments, unreimbursed business

15  expenditures, interest, attorneys' fees, penalties, costs, and expenses.

16                      **FIRST CAUSE OF ACTION**

17                **FAILURE TO PAY MINIMUM WAGES**

18  (Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

19      38.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

20  though fully set forth herein.

21      39.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees

22  fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser

23  wage than the minimum so fixed is unlawful.

24      40.    Plaintiff and Class Members were employees entitled to the protections of Labor

25  Code §§ 1194 and 1197.

26      41.    During the relevant time period, Defendants failed to pay Plaintiff and Class

27  Members all wages owed when Defendants did not pay for all hours worked, including, but not

28

-9-

1    limited to, hours spent working off-the-clock and through meal periods while clocked out, and
2    time rounded in Defendants' favor, among others.

3         42.    During the relevant time period, Defendants failed to pay at least minimum wage
4    to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

5         43.    Defendants' failure to pay Plaintiff and Class Members the required minimum
6    wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class
7    Members are entitled to recover the unpaid balance of their minimum wage compensation as
8    well as interest, costs, and attorneys' fees.

9         44.    Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to
10   recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued
11   interest thereon.

12                          **SECOND CAUSE OF ACTION**

13                          **FAILURE TO PAY OVERTIME**

14        (Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

15        45.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
16   though fully set forth herein.

17        46.    Labor Code § 1198 and the applicable IWC Wage Order provide that it is
18   unlawful to employ persons without compensating them at a rate of pay either one and one-half
19   (1½) or two (2) times the person's regular rate of pay, depending on the number of hours
20   worked by the person on a daily or weekly basis.

21        47.    Specifically, the applicable IWC Wage Orders provide that Defendants are and
22   were required to pay overtime compensation to Plaintiff and Class Members at the rate of one
23   and one-half times (1½) their regular rate of pay when working and for all hours worked in
24   excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first
25   eight (8) hours of work on the seventh day of work in a workweek.

26        48.    The applicable IWC Wage Orders further provide that Defendants are and were
27   required to pay overtime compensation to Plaintiff and Class Members at a rate of two times

28

                                         -10-

1   their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in

2   a day or in excess of eight (8) hours on the seventh day of work in a workweek.

3       49.   California Labor Code § 510 codifies the right to overtime compensation at one

4 and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a

5 day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh

6 consecutive day of work, and overtime compensation at twice the regular hourly rate for hours

7 worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the

8 seventh day of work in a workweek.

9       50.   Labor Code § 510 and the applicable IWC Wage Orders provide that employment

10 of more than six days in a workweek is only permissible if the employer pays proper overtime

11 compensation as set forth herein.

12       51.   Plaintiff and Class Members were employees entitled to the protections of

13 California Labor Code §§ 510 and 1194.

14       52.   During the relevant time period, Defendants required Plaintiff and Class Members

15 to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh

16 consecutive day of work, entitling them to overtime wages.

17       53.   During the relevant time period, Defendants failed to pay Plaintiff and Class

18 Members overtime wages for all overtime hours worked when Defendants failed to pay for time

19 spent working off-the-clock and through meal periods, and time rounded in Defendants' favor,

20 among other reasons. To the extent these hours qualify for the payment of overtime wages,

21 Plaintiff and Class Members were not paid proper overtime wages. Further, when Defendants

22 paid overtime wages, they were sometimes miscalculated because, among other reasons,

23 Defendants did not include all non-discretionary pay in the calculation.

24       54.   In violation of California law, Defendants knowingly and willfully refused to

25 perform their obligations and compensate Plaintiff and Class Members for all wages earned and

26 all hours worked.

27   ///

28   ///

-11-

1    55.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of

2 overtime compensation, as required by California law, violates the provisions of Labor Code §§

3 510 and 1198, and is therefore unlawful.

4    56.    Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to

5 recover their unpaid overtime and double time compensation as well as interest, costs, and

6 attorneys' fees.

7 **THIRD CAUSE OF ACTION**

8 **FAILURE TO PROVIDE MEAL PERIODS**

9 (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

10    57.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

11 though fully set forth herein.

12    58.    Labor Code § 226.7 provides that no employer shall require an employee to work

13 during any meal period mandated by the IWC Wage Orders.

14    59.    Section 11 of the applicable IWC Wage Order states, "[n]o employer shall

15 employ any person for a work period of more than five (5) hours without a meal period of not

16 less than 30 minutes, except that when a work period of not more than six (6) hours will

17 complete the day's work the meal period may be waived by mutual consent of the employer and

18 the employee."

19    60.    Labor Code § 512(a) provides that an employer may not require, cause, or permit

20 an employee to work for a period of more than five (5) hours per day without providing the

21 employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

22 the total work period per day of the employee is not more than six (6) hours, the meal period may

23 be waived by mutual consent of both the employer and the employee.

24    61.    Labor Code § 512(a) also provides that an employer may not employ an employee

25 for a work period of more than ten (10) hours per day without providing the employee with a

26 second meal period of not less than thirty (30) minutes, except that if the total hours worked is no

27 more than twelve (12) hours, the second meal period may be waived by mutual consent of the

28 employer and the employee only if the first meal period was not waived.

-12-

1    62.    During the relevant time period, Plaintiff and Class Members did not receive

2    compliant meal periods for working more than five (5) and ten (10) hours per day because their

3    meal periods were missed, late, short, interrupted, on-duty, and/or they were not permitted to

4    take a second meal period.

5    63.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require

6    an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of

7    compensation for each work day that a compliant meal period is not provided.

8    64.    At all relevant times, Defendants failed to pay Plaintiff and Class Members meal

9    period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b)

10   and section 11 of the applicable IWC Wage Order.

11   65.    As a result of Defendants' failure to pay Plaintiff and Class Members an

12   additional hour of pay for each day a compliant meal period was not provided, Plaintiff and

13   Class Members suffered and continue to suffer a loss of wages and compensation.

14                           **FOURTH CAUSE OF ACTION**

15                        **FAILURE TO PERMIT REST BREAKS**

16          (Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

17   66.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

18   though fully set forth herein.

19   67.    Labor Code § 226.7(a) provides that no employer shall require an employee to

20   work during any rest period mandated by the IWC Wage Orders.

21   68.    Section 12 of the applicable IWC Wage Order states "[e]very employer shall

22   authorize and permit all employees to take rest periods, which insofar as practicable shall be in

23   the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the

24   total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

25   fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

26   69.    During the relevant time period, Plaintiff and Class Members did not receive a ten

27   (10) minute rest period for every four (4) hours or major fraction thereof worked, including

28   working in excess of ten (10) hours in a day, because they were required to work through their

-13-

1  rest periods, were required to remain on-duty during rest periods, and/or were not authorized to
2  take their rest periods.

3      70.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires
4  an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of
5  compensation for each work day that a compliant rest period is not provided.

6      71.    At all relevant times, Defendants failed to pay Plaintiff and Class Members rest
7  period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code §
8  226.7(b) and section 12 of the applicable IWC Wage Order.

9      72.    As a result of Defendants' failure to pay Plaintiff and Class Members an
10  additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class
11  Members suffered and continue to suffer a loss of wages and compensation.

12              **FIFTH CAUSE OF ACTION**

13          **FAILURE TO REIMBURSE BUSINESS EXPENSES**

14              (Violation of Labor Code §§ 2800, 2802)

15      73.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
16  though fully set forth herein.

17      74.    Labor Code § 2800 states that "[a]n employer shall in all cases indemnify his
18  employee for losses caused by the employer's want of ordinary care."

19      75.    Labor Code § 2802(a) states that "[a]n employer shall indemnify his or her
20  employee for all necessary expenditures or losses incurred by the employee in direct
21  consequence of the discharge of his or her duties, or of his or her obedience to the directions of
22  the employer . . . ."

23      76.    Labor Code § 2802(b) states that "[a]ll awards made by a court . . . for
24  reimbursement of necessary expenditures under this section shall carry interest at the same rate
25  as judgments in civil actions. Interest shall accrue from the date on which the employee incurred
26  the necessary expenditure or loss."

27  / / /

28  / / /

-14-

CLASS ACTION COMPLAINT

1    77.    Labor Code § 2802(c) states that "[f]or purposes of this section, the term
2  "necessary expenditures or losses" shall include all reasonable costs, including, but not limited
3  to, attorney's fees incurred by the employee enforcing the rights granted by this section."

4    78.    During the relevant time period, Plaintiff and Class Members incurred necessary
5  business-related costs that were not fully reimbursed by Defendants, including, but not limited to
6  persona cell phones required for work.

7    79.    In violation of Labor Code §§ 2800 and 2802, Defendants failed to reimburse or
8  indemnify Plaintiff and Class Members for their expenses due to Defendants' knowing and
9  intentional failure to reimburse necessary business expenditures in connection with Plaintiff's
10  and Class Members' work and job duties.

11    80.    As a direct result, Plaintiff and Class Members have suffered and continue to
12  suffer losses, and therefore seek complete reimbursement and indemnification of necessary
13  business expenditures or losses, interest thereon at the required rate, and all reasonable costs in
14  enforcing the rights under Labor Code § 2802, including, but not limited to attorneys' fees.

15                          **SIXTH CAUSE OF ACTION**

16          **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

17              (Violation of Labor Code § 226; Violation of IWC Wage Order)

18    81.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
19  though fully set forth herein.

20    82.    Labor Code § 226(a) requires Defendants to provide each employee with an
21  accurate wage statement in writing showing nine pieces of information, including, the following:
22  (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate
23  units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all
24  deductions, provided that all deductions made on written orders of the employee may be
25  aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for
26  which the employee is paid, (7) the name of the employee and the last four digits of his or her
27  social security number or an employee identification number other than a social security number,
28  (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly

1  rates in effect during the pay period and the corresponding number of hours worked at each
2  hourly rate by the employee.

3      83.    During the relevant time period, Defendants have knowingly and intentionally
4  failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff
5  and Class Members. The deficiencies include, among other things, the failure to correctly state
6  the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the
7  number of hours worked at each hourly rate by Plaintiff and Class Members.

8      84.    As a result of Defendants' knowing and intentional failure to comply with Labor
9  Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-
10  protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury
11  pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code §
12  226(a). Plaintiff and Class Members were denied both their legal right to receive, and their
13  protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In
14  addition, because Defendants failed to provide the accurate rates of pay on wage statements,
15  Defendants prevented Plaintiff and Class Members from determining if all hours worked were
16  paid at the appropriate rate and the extent of the underpayment. Plaintiff had to file this lawsuit
17  in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses
18  and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had
19  Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also
20  delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

21      85.    Plaintiff and Class Members are entitled to recover from Defendants the greater of
22  all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty
23  dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars
24  ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding
25  four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

26      86.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and
27  Class Members from knowing, understanding, and disputing the wages paid to them and resulted
28  in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and

-16-

1  intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members

2  have suffered an injury, in the exact amount of damages and/or penalties to be shown according

3  to proof at trial.

### SEVENTH CAUSE OF ACTION

### FAILURE TO PAY WEEKLY

(Violation of Labor Code §§ 201.3)

7        87.      Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

8  though fully set forth herein.

9        88.      Pursuant to California Labor Code § 201.3, certain types of employees must be

10  paid their wages on a weekly basis.

11       89.      During the relevant time period, Defendants failed to pay the Plaintiff and Class

12  Members on a timely basis in accordance with Labor Code § 201.3.

13       90.      Such a pattern, practice and uniform administration of corporate policy regarding

14  timely payment of wages as described herein is unlawful and creates an entitlement to recovery

15  by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed,

16  including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of

17  California Labor Code §§ 201.3 and 203.

18       91.      As a direct and proximate cause of these violations, Class Members have been

19  damaged, in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

(Violation of Labor Code §§ 201, 202, and 203)

23       92.      Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

24  though fully set forth herein.

25       93.      Labor Code §§ 201 and 202 provide that if an employer discharges an employee,

26  the wages earned and unpaid at the time of discharge are due and payable immediately, and that

27  if an employee voluntarily leaves his or her employment, his or her wages shall become due and

28  payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-

-17-

1 | two (72) hours previous notice of an intention to quit, in which case the employee is entitled to
2 | his or her wages at the time of quitting.

3 |     94.    During the relevant time period, Defendants willfully failed to pay the Waiting
4 | Time Subclass all their earned wages upon termination, including, but not limited to, proper
5 | minimum wage and overtime compensation, meal period premiums, and rest period premiums
6 | either at the time of discharge or within seventy-two (72) hours of their leaving Defendants'
7 | employ.

8 |     95.    Defendants' failure to pay the Waiting Time Subclass all their earned wages at the
9 | time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in
10 | violation of Labor Code §§ 201 and 202.

11 |     96.    Labor Code § 203 provides that if an employer willfully fails to pay wages owed
12 | immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then
13 | the wages of the employee shall continue as a penalty from the due date at the same rate until
14 | paid or until an action is commenced; but the wages shall not continue for more than thirty (30)
15 | days.

16 |     97.    Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover
17 | from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members'
18 | regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a
19 | maximum of thirty (30) days.

20 | **NINTH CAUSE OF ACTION**

21 | **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, _ET SEQ._**

22 | (Violation of Business and Professions Code §§ 17200, _et seq._)

23 |     98.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
24 | though fully set forth herein.

25 |     99.    California Business and Professions Code §§ 17200, _et seq._, prohibits acts of
26 | unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . .
27 | . ."

28 |

-18-

1     100.   A violation of California Business and Professions Code §§ 17200, *et seq.*, may
2  be predicated on a violation of any state or federal law. In the instant case, Defendants' policies
3  and practices violated state law, causing Plaintiff and Class Members to suffer and continue to
4  suffer injuries-in-fact.

5     101.   Defendants' policies and practices violated state law in at least the following
6  respects:

7           (a)   Failing to pay all wages earned (including minimum wage and overtime
8                 wages) to Plaintiff and Class Members at the proper rate in violation of
9                 Labor Code §§ 510, 1194, 1194.2, 1197, and 1198.

10         (b)   Failing to provide compliant meal periods without paying Plaintiff and
11                Class Members premium wages for every day said meal periods were not
12                provided in violation of Labor Code §§ 226.7 and 512.

13         (c)   Failing to authorize or permit compliant rest breaks without paying
14                Plaintiff and Class Members premium wages for every day said rest
15                breaks were not authorized or permitted in violation of Labor Code §
16                226.7.

17         (d)   Failing to reimburse Plaintiff and Class Members for necessary business-
18                related expenses in violation of Labor Code §§ 2800 and 2802.

19         (e)   Failing to provide Plaintiff and Class Members with accurate itemized
20                wage statements in violation of Labor Code § 226.

21         (f)   Failing to timely pay wages to Plaintiff and Class Members on a weekly
22                basis in violation of Labor Code § 201.3.

23         (g)   Failing to timely pay all earned wages to the members of the Waiting
24                Time Subclass upon separation of employment in violation of Labor Code
25                §§ 201, 202, and 203.

26     102.   As alleged herein, Defendants systematically engaged in unlawful conduct in
27  violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages
28  (minimum and overtime wages), failing to provide meal periods and rest breaks or

<div align="center">-19-</div>

1 compensation in lieu thereof, failing to reimburse necessary business-related costs and
2 expenses, failing to furnish accurate wage statements, failing to pay wages weekly, and failing
3 to pay all wages due and owing upon separation of employment in a timely manner to the
4 Waiting Time Subclass, all in order to decrease their costs of doing business and increase their
5 profits.

6     103.   At all relevant times herein, Defendants held themselves out to Plaintiff and Class
7 Members as being knowledgeable concerning the labor and employment laws of California.

8     104.   At all times relevant herein, Defendants intentionally avoided paying Plaintiff and
9 Class Members wages and monies, thereby creating for Defendants an artificially lower cost of
10 doing business in order to undercut their competitors and establish and/or gain a greater
11 foothold in the marketplace.

12     105.   By violating the foregoing statutes and regulations as herein alleged, Defendants'
13 acts constitute unfair and unlawful business practices under California Business and Professions
14 Code §§ 17200, *et seq*.

15     106.   As a result of the unfair and unlawful business practices of Defendants as alleged
16 herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and
17 restitution in an amount to be shown according to proof at trial.

18     107.   Plaintiff seeks to enforce important rights affecting the public interest within the
19 meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged
20 herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members,
21 and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class
22 Members are entitled to an award of attorneys' fees pursuant to California Code of Civil
23 Procedure § 1021.5.

24 <div align="center">**PRAYER FOR RELIEF**</div>

25     On Plaintiff's own behalf and on behalf of all others similarly situated, Plaintiff prays
26 for relief and judgment against Defendants, jointly and severally, as follows:

27     1.   For certification under California Code of Civil Procedure § 382 of the proposed
28 Class and any other appropriate subclass;

<div align="center">-20-</div>
<div align="center">CLASS ACTION COMPLAINT</div>

1      2.      For appointment of Raymond Murillo as class representative;

2      3.      For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

3      4.      For compensatory damages in an amount according to proof at trial;

4      5.      For an award of damages in the amount of unpaid compensation including, but

5 not limited to, unpaid wages, unreimbursed expenses, benefits, and penalties;

6      6.      For economic and/or special damages in an amount according to proof at trial;

7      7.      For liquidated damages pursuant to Labor Code § 1194.2;

8      8.      For statutory penalties to the extent permitted by law, including those pursuant to

9 the Labor Code and IWC Wage Orders;

10      9.      For injunctive relief as provided by the California Labor Code and California

11 Business and Professions Code §§ 17200, *et seq.*;

12      10.    For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

13      11.    For an order requiring Defendants to restore and disgorge all funds to each

14 employee acquired by means of any act or practice declared by this Court to be unlawful, unfair,

15 or fraudulent and, therefore, constituting unfair competition under Business and Professions

16 Code §§ 17200, *et seq.*;

17      12.    For pre-judgment interest;

18      13.    For reasonable attorneys' fees, costs of suit, and interest to the extent permitted

19 by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§

20 226(e) and 1194; and

21      14.    For such other relief as the Court deems just and proper.

22

23 Dated: March 11, 2021         **AEGIS LAW FIRM, PC**

24

25                    By: *Jessica L. Campbell*

                       Jessica L. Campbell

26                       Attorneys for Plaintiff Raymond Murillo

27

28

1

# DEMAND FOR JURY TRIAL

2     Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

3

4    Dated: March 11, 2021              **AEGIS LAW FIRM, PC**

5

6                          By: _____

7                            Jessica L. Campbell
                            Attorneys for Plaintiff Raymond Murillo

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jessica L. Campbell, Esq. SBN 280626<br>AEGIS LAW FIRM, P.C.<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>TELEPHONE NO.: 949.379.6250   FAX NO.: 949.379.6251<br>ATTORNEY FOR *(Name):* Plaintiff Raymond Murillo | FOR COURT USE ONLY<br><br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>MAR 12 2021<br><br>BY ⎯⎯⎯⎯⎯⎯<br>EDUARDO HERNANDEZ, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
Raymond Murillo v. Brosnan Risk Consultants, Ltd., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV SB 2 1 0 6 6 4 6 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Nine
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 11, 2021

Jessica L. Campbell
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book account) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit "2"

ORIGINAL

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Raymond Murillo

vs.

Brosnan Risk Consultants, Ltd.

CASE NO.: **CIV SB 2106646**

### CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the ___San Bernardino Justice Center___ District of the Superior Court under Rule 404 of this court for the checked reason:

■ General          ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other  Employment | The cause of action arose within the district |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Place of business | 1845 Business Center Dr. |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |
| San Bernardino | CA | 92408 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on ___March 11, 2021___ at ___Irvine___, California

_Signature of Attorney/Party_

CERTIFICATE OF ASSIGNMENT

13-16503-360,
Rev 06-2014 Mandatory



RECEIVED
MAR 1 2 2021
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

Exhibit "3"

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Superior Court of California
County of San Bernardino
247 W. Third Street, Dept. S-26
San Bernardino, CA  92415-0210

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 12 2021

BY _____
ALFIE CERVANTES, DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT

RAYMOND MURILLO

vs.

BROSNAN RISK CONSULTANTS

Case No.: CIVSB2106646

**INITIAL CASE MANAGEMENT
CONFERENCE ORDER**

This case is assigned for all purposes to Judge David Cohn in the Complex

Litigation Program, Department S-26, located at the San Bernardino Justice Center, 247

West Third Street, San Bernardino, California, 92415-0210.  Telephone numbers for

Department S-26 are (909) 521-3519 (Judicial Assistant) and (909) 708-8866 (Court

Attendant).

**-1-**

**The Initial Case Management Conference**

An initial Case Management Conference (CMC) is scheduled for JUN 2 3 2021 at 8:30 a.m.  Due to the social distancing requirements imposed by the COVID-19 pandemic, the initial CMC (and all subsequent CMCs) will be conducted remotely, via CourtCall.  Contact CourtCall at (888) 882-6878 (www.CourtCall.com) to schedule the appearance through CourtCall.   Until further order of the Court, in-person attendance at CMCs is not allowed.[1]

Counsel for all parties are ordered to attend the initial CMC.  If there are defendants who have not yet made a general or special appearance, those parties who are presently before the court may jointly request a continuance of the initial CMC to allow additional time for such non-appearing defendants to make their general or special appearances.   Such a request should be made by submitting a Stipulation and Proposed Order to the Court, filed directly in Department S-26, no later than five court days before the scheduled hearing.

**Stay of the Proceedings**

Pending further order of this Court, and except as otherwise provided in this Order, these proceedings are stayed in their entirety.  This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court.  Each defendant, however, is directed to file a Notice of General Appearance (or a Notice of Special Appearance if counsel intends to challenge personal jurisdiction) for purposes of identification of counsel and preparation of a service list.  The filing of a

---

[1] In-person appearances are allowed for motions, but are discouraged.  Until the Pandemic restrictions are lifted, please use CourtCall whenever possible.

Notice of General Appearance is without prejudice to any substantive or procedural challenges to the complaint (including subject matter jurisdiction), without prejudice to any denial or affirmative defense, and without prejudice to the filing of any cross-complaint.  The filing of a Notice of Special Appearance is without prejudice to any challenge to the court's exercise of personal jurisdiction.  This stay of the proceedings is issued to assist the court and the parties in managing this case through the development of an orderly schedule for briefing and hearings on any procedural or substantive challenges to the complaint and other issues that may assist in the orderly management of this case.  This stay shall not preclude the parties from informally exchanging documents and other information that may assist them in their initial evaluation of the issues.

### Service of this Order

Plaintiffs' counsel is ordered to serve this Order on counsel for each defendant, or, if counsel is not known, on each defendant within five days of the date of this Order.  If the complaint has not been served as the date of this Order, counsel for plaintiff is to serve the complaint along with this Order within ten days of the date of this Order.

### Agenda for the Initial Case Management Conference

Counsel for all parties are ordered to meet and confer in person no later than ten days before the initial CMC to discuss the subjects listed below.  Counsel must be fully prepared to discuss these subjects with the court:

1.  Any issues of recusal or disqualification;

2.  Any potentially dispositive or important threshold issues of law or fact that, if considered by the court, may simplify or further resolution of the case;

3. Appropriate mechanisms for Alternative Dispute Resolution;

4. A plan for the preservation of evidence and a uniform system for the identification of documents to be used throughout the course of this litigation, including discovery and trial;

5. A discovery plan for the disclosure and production of documents and other discovery, including whether the court should order automatic disclosures, patterned on Federal Rule of Civil Procedure 26(a) or otherwise;

6. Whether it is advisable to conduct discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case;

7. Any issues involving the protection of evidence and confidentiality;

8. The use and selection of an electronic service provider;

9. The handling of any potential publicity issues;

10. Any other issues counsel deem appropriate to address with the court.

**The Joint Report**

Counsel are ordered to prepare a Joint Report for the initial CMC, to be filed directly in Department S-26 (not in the Clerk's office), no later than four court days before the conference date.  The Joint Report must include the following:

1. Whether the case should or should not be treated as complex;

2. Whether additional parties are likely to be added and a proposed date by which all parties must be served;

3. A service list (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses, and fax numbers for all counsel.)

4. Whether the court should issue an order requiring electronic service.  Counsel should advise the court regarding any preferred web-based electronic service provider;

5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case.

6. Whether there are applicable arbitration agreements, and the parties' views on their enforceability;

7. A list of all related litigation pending in this or other courts (state and federal), a brief description of any such litigation, including the name of the judge assigned to the case, and a statement whether any additional related litigation is anticipated;

8. A description of the major factual and legal issues in the case.  The parties should address any contracts, statutes, or regulations on which claims or defenses are based, or which will require interpretation in adjudicating the claims and defenses;

9. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

10. A discovery plan, including the time need to conduct discovery and whether discovery should be conducted in phases or limited (and, if so, the order of phasing or types of limitations).  With respect to the discovery of electronically stored information (ESI ), the plan should include:

    a.  Identification of the Information Management Systems used by the parties;

b.  The location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard-drives maintained by custodians);

c.  The types of ESI that will be requested and produced, e.g. data files, emails, etc.;

d.  The format in which ESI will be produced;

e.  Appropriate search criteria for focused requests.

f.   A statement whether the parties will allow their respective IT consultants or employees to participate directly in the meet and confer process.

11. Whether the parties will stipulate that discovery stays or other stays entered by the court for case management purposes will be excluded in determining the statutory period for bringing the case to trial under Code of Civil Procedure Section 583.310 (the Five Year Rule).

12. Recommended dates and times for the following:

a.  The next CMC;

b.  A schedule for any contemplated ADR;

c.  A filing deadline (and proposed briefing schedule) for any anticipated non-discovery motions.

d.  With respect to class actions, the parties' tentative views on an appropriate deadline for a class certification motion to be filed.

To the extent the parties are unable to agree on any matter to be addressed in the Joint Report, the positions of each party or of various parties should be set forth separately.  The parties are encouraged to propose, either jointly or separately, any

1  approaches to case management that they believe will promote the fair and efficient

2  handling of this case.

3       Any stipulations to continue conferences or other hearings throughout this

4  litigation must be filed with the court directly in Department S-26 (not in the Clerk's

5

6  office), no later than four court days before the conference or hearing date.

7                              **Informal Discovery Conferences**

8       Motions concerning discovery cannot be filed without first requesting an informal

9  discovery conference (IDC) with the court.  Making a request for an IDC automatically

10
   stays the deadline for filing any such motion.  IDCs are conducted remotely, via the
11

12  BlueJeans Video Conferencing program.  Attendees will need to download the

13  BlueJeans program (available from the app stores for IOS or Android) to a computer,

14  laptop, tablet, or smartphone.  If the device being used does not have camera

15
   capability, the BlueJeans application offers an audio-only option.  Video appearance at
16
   the IDC, however, is encouraged.  The Court will provide a link to join the conference at
17

18  the appointed time.  Please provide Department S-26's Judicial Assistant ((909) 521-

19  3519) or Court Attendant ((909) 708-8866) with an e-mail address.  No briefing is

20  required for the IDC, but counsel should lodge (not file) the relevant discovery record in

21
   Department S-26 before the IDC.
22

23

24

25
   Dated: ____4/12_____ , 2021.
26

27
                                                David Cohn,
28                                              Judge of the Superior Court

Exhibit "4"

| Attorney or Party without Attorney:<br>Samuel A. Wong (#217104)<br>Aegis Law Firm<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>*Telephone No:*  949 379-6250<br><br>*Attorney For:*  Plaintiff | *Ref. No. or File No.:*<br>868 | *For Court Use Only*<br><br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>APR 2 3 2021<br><br>BY ___*Karina Venegas*___<br>KARINA VENEGAS, DEPUTY |
|---|---|---|

*Insert name of Court, and Judicial District and Branch Court:*
Superior Court of California, County of San Bernardino

*Plaintiff:*  Raymond Murillo, individualy and on behalf of all others similarly situated
*Defendant:*  Brosnan Risk Consultants, LTD.

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CIVSB2106646 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Certificate of Assignment; Initial Trial Setting Conference Statement

3.   *a.*   Party served:     Brosnan Risk Consultants, LTD
     *b.*   Person served:   Trisha Rosano, AGENT FOR SERVICE SOLUTIONS, INC., Registered Agent

4. *Address where the party was served:*   1220 S. Street, Suite 150, Sacramento, CA 95811

5. *I served the party:*
  **a. by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* Mon, Apr 19 2021 (2) at *(time):* 02:28 PM
    (1)  [ X ]  (business)
    (2)  [   ]  (home)
    (3)  [   ]  (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  [   ]   as an individual defendant.
  b.  [   ]   as the person sued under the fictitious name of *(specify):*
  c.  [   ]   as occupant.
  d.  [ X ]   On behalf of *(specify):*  Brosnan Risk Consultants, LTD
     under the following Code of Civil Procedure section:
     [ X ]  416.10 (corporation)             [   ]  415.95 (business organization, form unknown)
     [   ]  416.20 (defunct corporation)        [   ]  416.60 (minor)
     [   ]  416.30 (joint stock company/association)  [   ]  416.70 (ward or conservatee)
     [   ]  416.40 (association or partnership)    [   ]  416.90 (authorized person)
     [   ]  416.50 (public entity)            [   ]  415.46 (occupant)
     [   ]  other:



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*5587747*
*(11648664)*
Page 1 of 2

FAXED



RECEIVED
APR 23 2021
SUPERIOR COURT
SAN BERNARDINO COUNTY

| | For Court Use Only |
|---|---|
| *Attorney or Party without Attorney:*<br>Samuel A. Wong (#217104)<br>Aegis Law Firm<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>  *Telephone No:*  949 379-6250<br><br>  *Attorney For:*  Plaintiff | |

| *Ref. No. or File No.:*<br>868 | |

*Insert name of Court, and Judicial District and Branch Court:*
Superior Court of California, County of San Bernardino

*Plaintiff:*  Raymond Murillo, individualy and on behalf of all others similarly situated
*Defendant:*  Brosnan Risk Consultants, LTD.

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CIVSB2106646 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
  a.  Name:  Jacobbi Williams
  b.  Address:  **FIRST LEGAL**
         600 W. Santa Ana Blvd., Ste. 101
         SANTA ANA, CA 92701
  c.  Telephone number:  (714) 541-1110
  d.  **The fee** for service was:  $123.05
  e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☒  a registered California process server:
      (i)  ☐ owner  ☐ employee  ☒ independent contractor
      (ii)  Registration No:  1314
      (iii)  County:  Alameda

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

04/22/2021
_____
*(Date)*

Jacobbi Williams



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF**
**SERVICE**
**SUMMONS**

*5587747*
*(11648664)*
Page 2 of 2

# Exhibit "5"

1  | **AEGIS LAW FIRM, PC**
2  | SAMUEL A. WONG, State Bar No. 217104
   | KASHIF HAQUE, State Bar No. 218672
3  | JESSICA L. CAMPBELL, State Bar No. 280626
   | 9811 Irvine Center Drive, Suite 100
4  | Irvine, California 92618
   | Telephone: (949) 379-6250
5  | Facsimile: (949) 379-6251
   | Email: jcampbell@aegislawfirm.com
6  |
7  | Attorneys for Plaintiff Raymond Murillo, individually,
   | and on behalf of all others similarly situated.
8  |
9  | Matthew C. Sgnilek, Esq. (State Bar No. 235299)
   | msgnilek@ohaganmeyer.com
   | Andrea Rosenkranz, Esq. (State Bar No. 301559)
10 | arosenkranz@ohaganmeyer.com
   | O'HAGAN MEYER
11 | 4695 MacArthur Court, Suite 210
   | Newport Beach, CA 92660
12 | Telephone:   (949) 942-8500
   | Facsimile:   (949) 942-8510
13 |
14 | Attorneys for Defendant,
   | BROSNAN RISK CONSULTANTS, LTD

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 1 6 2021

BY _____
DEBRA PEDROSA, DEPUTY

15 |
16 | <center>**SUPERIOR COURT OF THE STATE OF CALIFORNIA**</center>
17 | <center>**FOR THE COUNTY OF SAN BERNARDINO**</center>

| | |
|---|---|
| 18  RAYMOND MURILLO, individually and on behalf of all others similarly situated, | Case No. CIVSB2106646 |
| 19          Plaintiffs, | **CLASS ACTION** |
| 20 | **JOINT INITIAL STATUS CONFERENCE STATEMENT** |
| 21       v. | *[Assigned for All Purposes to the Hon. David Cohn, Dept. S26]* |
| 22  BROSNAN RISK CONSULTANTS, LTD; and DOES 1 through 20, inclusive, | |
| 23 | Date:  June 23, 2021 |
| 24          Defendants. | Time: 8:30 a.m. |
|  | Dept.: S26 |
| 25 | |
| 26 | Complaint Filed: March 12, 2021 Trial Date:  None Set |
| 27 | |
| 28 | |

<center>THE PARTIES' JOINT INITIAL STATUS CONFERENCE STATEMENT</center>

1    Plaintiff Raymond Murillo ("Plaintiff") and Defendant Brosnan Risk Consultants, LTD
2    ("Defendant") by and through their counsel of record, submit the following Joint Case
3    Management Conference Statement in advance of the Initial Case Management Conference
4    scheduled for June 23, 2021, at 8:30 a.m. in Department S-26.

5    Counsel for the Parties met and conferred to discuss the issues set forth in California Rules
6    of Court, Rule 3.750, as well as those raised in the Court's Initial Case Management Conference
7    Order, and hereby report as follows:

8    **1.    PROCEDURAL STATUS**

9    Plaintiff filed his putative class action complaint on March 12, 2021.

10   Pursuant to the Court's Initial Case Management Conference Order, Defendant has not
11   filed a responsive pleading, but will file its Notice of Appearance by June 23, 2021.

12   **2.    WHETHER CASE SHOULD OR SHOULD NOT BE TREATED AS**
13   **COMPLEX:**

14   This case should be treated as complex.

15   **3.    POTENTIAL ADDITIONAL PARTIES:**

16   There are no other parties intended to be added to this action at this time.

17   **4.    PARTIES AND COUNSEL:**

18   Plaintiff:  RAYMOND MURILLO

19   Plaintiff's Counsel:

20   **AEGIS LAW FIRM, PC**
     Kashif Haque, khaque@aegislawfirm.com;
21   Samuel A. Wong, swong@aegislawfirm.com;
     Jessica L. Campbell, jcampbell@aegislawfirm.com;
22   9811 Irvine Center Drive, Suite 100
     Irvine, CA 92618
23   Telephone:  (949) 379-6250
     Facsimile:  (949) 379-6251
24

25   //

26   //

27
     //
28

THE PARTIES' JOINT INITIAL STATUS CONFERENCE STATEMENT

1    Defendant: BROSNAN RISK CONSULTANTS, LTD

2    Defendant's Counsel:

3    **O'HAGAN MEYER**
     Matthew C. Sgnilek
4    Andrea Rosenkranz
5    4695 MacArthur Court, Suite 210
     Newport Beach, CA 92660
6    Telephone: 949.942.8500
     Facsimile: 949.942.8510
7    MSgnilek@ohaganmeyer.com
     arosenkranz@ohaganmeyer.com
8

9    **5.      ELECTRONIC SERVICE OF PAPERS:**

10   The Parties are agreeable to email service in this case.

11   **6.      JURISDICTION OR VENUE ISSUES:**

12   Defendant contends Plaintiff is bound by an arbitration agreement containing a class action

13   waiver. Plaintiff's counsel has requested a copy of the agreement.

14   **7.      POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION**

15   **WAIVER CLAUSES:**

16   Defendant contends Plaintiff is bound by an arbitration agreement containing a class action

17   waiver. Plaintiff's counsel has requested a copy of the agreement.

18   **8.      OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**

19   *Marcel McGee v. Brosnan Risk West Coast*, San Mateo Superior Court, Case No. 19-CV-

20   04464, is pending settlement approval for a class action settlement covering the period until

21   December 5, 2020 (the "*McGee* matter"). The Motion for Preliminary Approval in the *McGee*

22   matter is scheduled to be heard on August 3, 2021, by the Honorable Marie S. Weiner.

23   *Basheera Lewis v. Brosnan Risk Consultants, LTD*, San Bernardino Superior Court, Case

24   No. CIVSB2104130, was filed on January 29, 2021 (the "*Lewis* matter"). In light of the settlement

25   in the *McGee* matter, the Parties in the *Lewis* matter have agreed, in principal, to the dismissal of

26   Plaintiff's class claims.

27   //

28

**9.    FACTUAL AND LEGAL ISSUES IN THE CASE:**

Plaintiff's Position:

1.    Whether Plaintiff and putative class members were paid all minimum and overtime wages.

2.    Whether Plaintiff and putative class members were provided lawful meal periods, or received compensation in lieu thereof.

3.    Whether Plaintiff and putative class members were provided lawful rest breaks, or received compensation in lieu thereof

4.    Whether Defendant issued accurate itemized wage statements to Plaintiff and putative class members.

5.    Whether Plaintiff and putative class members were reimbursed for all necessary business expenses.

6.    Whether Defendant failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

7.    Whether Defendant's conduct was willful or reckless.

8.    Whether Defendant engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq*.

Defendant's Position:  Defendant contends Plaintiff's claims are without merit.  The lack of merit will be supported by company personnel, payroll, and time keeping records, Defendant's policies and practices, as well as witness testimony.  Further, Defendant contends that the claims resolved in the *McGee* matter are identical to the claims brought in the instant matter meaning the claims will be barred by *res judicata*. Plaintiff's anticipated PAGA claim is similarly moot pursuant to *Robinson v. Southern Counties Oil Co.* (2020) 53 Cal.App.5th 476.

With respect to class certification, Defendant further contends that Plaintiff cannot establish that he is an adequate class representative and/or an adequate aggrieved representative employee for Plaintiff's anticipated cause of action for Civil Penalties pursuant to PAGA.  Defendant alleges that Plaintiff will be unable to act in the best interests of the putative class.

A fatal flaw in Plaintiff's case is that there are no common issues of fact or law.  Plaintiff's

1   allegations, or the putative class claims, if certified, would require the Court to conduct dozens of

2   mini-trials to determine liability.   Specifically, the evidence will demonstrate that Defendant

3   complied with its legal obligations under California wage and hour laws and that any variance from

4   the standard policies and practices were based on individual decision by employees or limited to

5   unique circumstances.

6        Furthermore, Plaintiff will be unable to establish that his alleged claims, which are

7   factually unfounded, will be typical of any of the alleged claims applicable to the putative

8   class.   For example, employees receive their meal periods and rest breaks and are paid

9   overtime.  Plaintiff will thus be unable to establish that a class action is superior to any other

10  method of adjudicating claims.

11       **10.    ALTERNATIVE DISPUTE RESOLUTION:**

12       Plaintiff's Position:

13       The parties are amenable to private mediation.

14       Defendant's Position:

15       While Defendant is amenable to private mediation, there are preliminary procedural issues

16  that need to be resolved prior to a mediation.

17       **11.    DISCOVERY:**

18       Plaintiff's Position:

19       Plaintiff requests the Court lift the stay on discovery in its entirety. Plaintiff intends on

20  serving written discovery to support a motion for class certification. This includes standard wage

21  and hour written discovery related to Plaintiff and for putative class member time records, pay

22  records, contact information, and the written policies provided to them during their employment.

23  Plaintiff additionally intends on conducting the deposition of Defendant's person most

24  knowledgeable and other relevant witnesses. Plaintiff believes the estimated timeline for this will

25  be better understood after the initial round of written discovery.

26       Defendant's Position:

27       Defendant contends that discovery should remain stayed pending a ruling on the Motion to

28  Compel Arbitration and deem the PAGA claim moot and/or barred by *res judicata*.

1   Defendant contends that the Parties should conduct bifurcated discovery, with the first
2   phase addressing issues related to Plaintiff's anticipated Motion for Class Certification and the
3   second addressing the merits of Plaintiff's claims as to any certified class.  Defendant intends to
4   propound written discovery on Plaintiff including Interrogatories, Requests for Admission, and
5   Requests for Production.  Defendant will also seek to take Plaintiff's deposition.  Prior to any
6   formal discovery, Defendant requests the Parties enter in a protective order

7   To the extent Plaintiff seeks the identity of potential class members, Defendant contends the
8   subject class members must be provided with an opt-out notice.  *Belaire-West Landscape v. Sup.*
9   *Ct. (Rodriguez)* 2007 149 Cal.App.4th 554, 561.  Defendant agrees to split the cost of the *Belaire-*
10  *West* Notice process with Plaintiff.

11  **12.   STIPULATION FOR STAYS:**

12  The Parties agree to stipulate that discovery stays or other stays entered by the court for
13  case management purposes will be excluded in determining the statutory period for bringing the
14  case to trial under Code of Civil Procedure Section 583.310 (the Five Year Rule).

15  **13.   TIMELINE FOR CASE MANAGEMENT:**

16  The Parties request a Case Management Conference be scheduled in 90 days.

18  Dated:  June 16, 2021                    **AEGIS LAW FIRM, PC**

20  By: _____
21      Jessica L. Campbell
        Attorneys for Plaintiff

22  Dated:  June 16, 2021                    **O'HAGAN MEYER**

24  By: _____
25      Matthew C. Ognilek
26      Andrea Rosenkranz
        Attorneys for Defendant

6

1

## **PROOF OF SERVICE**

2

3

*Murillo v. Brosnan Risk Consultants, LTD.*
**San Berndino County Superior Court Case No.: CIVSB2106646**
O'Hagan Meyer File No.: 15455

4

5

I am over the age of eighteen years and not a party to the within action.  I am employed by O'HAGAN MEYER, whose business address is 4695 MacArthur Court, Suite 210, Newport Beach, California 92660.

6

7

On **June 16, 2021**, I served the within document(s) described as: **JOINT INITIAL CONFERENCE STATEMENT** on the parties in said action as follows:

8

9

## **SERVICE LIST**

10

| | |
|---|---|
| AEGIS LAW FIRM, PC<br>SAMUEL A. WONG<br>KASHIF HAQUE<br>JESSICA L. CAMPBELL<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>Facsimile: (949) 379-6251<br><br>Email: jcampbell@aegislawfum.com<br>swong@aegislawfirm.com<br>khaque@aegislawfirm.com | *Attorneys for Plaintiff* |

11

12

13

14

15

16

17

☒   **BY ELECTRONIC SERVICE** Based on a court order *(Emergency Rule 12 of Appendix I, Emergency Rules Related to COVID-19)* to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above on this date, by emailing a copy.

18

19

☒   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21

Executed on **June 16, 2021,** at Huntington Beach, California.

22

23

*V Tomlinson*

Virginia Tomlinson

24

25

26

27

28

1
PROOF OF SERVICE

# Exhibit "6"

1 | Matthew C. Sgnilek, Esq. (State Bar No. 235299)
msgnilek@ohaganmeyer.com

2 | Andrea Rosenkranz, Esq. (State Bar No. 301559)
arosenkranz@ohaganmeyer.com

3 | O'HAGAN MEYER
4695 MacArthur Court, Suite 210

4 | Newport Beach, CA 92660
Telephone:    (949) 942-8500

5 | Facsimile:    (949) 942-8510

6 | Attorneys for Defendant,
BROSNAN RISK CONSULTANTS, LTD

7

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**JUN 1 6 2021**

BY _____
DEBRA PEDROSA, DEPUTY

8 | ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | ### FOR THE COUNTY OF SAN BERNARDINO – SAN BERNARDINO DISTRICT

10

11 | RAYMOND MURILLO, individually and on behalf of all others similarly situated,

12 | Plaintiffs,

13

14 | vs.

15 | BROSNAN RISK CONSULTANTS, LTD; and DOES 1 through 20, inclusive,

16

17 | Defendants.

Case No.: CIVSB2106646

**CLASS ACTION**

**NOTICE OF APPEARANCE**

*[Assigned for All Purposes to the Hon. David Cohn, Dept. S26]*

Complaint Filed:  March 12, 2021
Trial Date:  None Set

18

19 | ### TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF

20 | **RECORD:**

21 | PLEASE TAKE NOTICE of the appearance of Defendant BROSNAN RISK CONSULTANTS,

22 | LTD hereby made through its attorneys of record whose contact information is:

23 | Matthew C. Sgnilek, Esq. (State Bar No. 235299)
msgnilek@ohaganmeyer.com

24 | Andrea Rosenkranz, Esq. (State Bar No. 301559)
arosenkranz@ohaganmeyer.com

25 | O'HAGAN MEYER
4695 MacArthur Court, Suite 210

26 | Newport Beach, CA 92660
Telephone:    (949) 942-8500

27 | Facsimile:    (949) 942-8510

28 | The above listed attorneys should be added to the service list in this matter so they will receive

notices of docket related activities in this matter.

DATED: June 16, 2021                    O'HAGAN MEYER

                                        By: _____
                                             Matthew C. Senilek, Esq.
                                             Andrea Rosenkranz, Esq.

                                             Attorneys for Defendant,
                                             BROSNAN RISK CONSULTANTS, LTD

**PROOF OF SERVICE**

*Murillo v. Brosnan Risk Consultants, LTD.*
**San Berndino County Superior Court Case No.: CIVSB2106646**
O'Hagan Meyer File No.: 15455

I am over the age of eighteen years and not a party to the within action. I am employed by O'HAGAN MEYER, whose business address is 4695 MacArthur Court, Suite 210, Newport Beach, California 92660.

On **June 16, 2021**, I served the within document(s) described as: **NOTICE OF APPEARANCE** on the parties in said action as follows:

**SERVICE LIST**

| | |
|---|---|
| AEGIS LAW FIRM, PC<br>SAMUEL A. WONG<br>KASHIF HAQUE<br>JESSICA L. CAMPBELL<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>Facsimile: (949) 379-6251<br><br>Email: jcampbell@aegis1awfum.com | *Attorneys for Plaintiff* |

☒    **BY ELECTRONIC SERVICE** Based on a court order *(Emergency Rule 12 of Appendix I, Emergency Rules Related to COVID-19)* to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above on this date, by emailing a copy.

☒    (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 16, 2021,** at Huntington Beach, California.

*Virginia Tomlinson*
Virginia Tomlinson

1

Exhibit "7"



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino, CA 92415
www.sb-court.org

# PORTAL MINUTE ORDER

Case Number: CIVSB2106646                                                    Date: 6/23/2021

Case Title:    **Complex-Class Action** Muillo
               -v-
               Brosnan Risk Consultants, LTD et al

| Department S26 - SBJC | Date: 6/23/2021 | Time: 9:00 AM | Complex Case Management Conference |
|---|---|---|---|

Judicial Officer: David Cohn
Judicial Assistant: Jessica Morales
Court Reporter: Regina Vega
Court Attendant: Alfie Cervantes

**Appearances**
Attorney Jessica Campbell appears by CourtCall for Plaintiff Raymond Muillo
Attorney Matthew Sgnilek appears by CourtCall for Defendant Brosnan Risk Consultants, LTD

**Proceedings**
Discussion is held between the Court and counsel regarding the Joint Case Management Statement received.

Counsel are to meet and confer regarding arbitration agreements.

The stay on the pleadings and discovery is lifted.  Discovery is phased.  Discovery directed to class certification issues will be conducted in Phase One.  Discovery directed to the merits will be conducted in Phase Two, which will commence only after the court rules on class certification.  In circumstances where a particular discovery request addresses both certification issues and merits, the discovery is permissible in Phase One.  Phase Two is limited to discovery exclusively directed to merits.

The Court requires in Informal Discovery Conference (IDC) before any discovery-related motion is filed.  IDCs are conducted by remote video conference.  Counsel should telephone the department to request an IDC.  The Court will send a link via email for counsel to connect to the IDC.  Requesting an IDC stays the deadline on filing a discovery related motion.

Plaintiffs counsel informs the Court a 2nd PAGA compliant will be filed and related to this matter. Notice of related case to be filed with new complaint.

Counsel are directed to have meaningful discussions and submit and file a joint status report regarding recommendations for a deadline for Class Certification and status of related cases. Joint status report statement to be submitted no less than 10 days in advance of the next hearing date. Joint report to be filed directly in the department.

**Hearings**
Further Case Management Conference set for 12/22/2021 at 9:00 AM in Department S26 - SBJC

Notice to be given by Plaintiffs Counsel

Exhibit "8"

1  Matthew C. Sgnilek, Esq., SBN 235299
   msgnilek@ohaganmeyer.com
2  Andrea Rosenkranz, Esq. SBN 301559
   arosenkranz@ohaganmeyer.com
3  O'HAGAN MEYER LLP
   4695 MacArthur Court, Suite 210
4  Newport Beach, CA 92660
   Telephone: (949) 942-8500
5  Facsimile: (949) 942-8510

6  Attorney for Defendant,
   BROSNAN RISK CONSULTANTS, LTD
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9     FOR THE COUNTY OF SAN BERNARDINO – SAN BERNARDINO DISTRICT

10

11 RAYMOND MURILLO, individually and on      Case No.: CIVSB2106646
   behalf of all others similarly situated,
12                                            **CLASS ACTION**
                    Plaintiff,
13                                            **DEFENDANT BROSNAN RISK
         v.                                   CONSULTANTS, LTD'S ANSWER TO
14                                            PLAINTIFF RAYMOND MURILLO'S
                                              COMPLAINT**
15 BROSNAN RISK CONSULTANTS, LTD;
   DOES 1 through 20, inclusive,             [*Assigned for All Purposes to the Hon.
16                                            David Cohn; Dept. S26*]
                    Defendants.
17                                            Complaint Filed:  March 12, 2021
                                              Trial Date: None Set
18

19

20

21       COMES NOW Defendant BROSNAN RISK CONSULTANTS, LTD (Defendant) and hereby

22 answers the Complaint ("Complaint") of Plaintiff RAYMOND MURILLO ("Plaintiff") as follows:

23                              **GENERAL DENIAL**

24       Pursuant to Code of Civil Procedure Section 431.30, Defendant generally and specifically denies

25 each and every allegation stated against it in the Complaint and the whole thereof and further denies that

26 Plaintiff is entitled to the relief sought in the Complaint or to any relief at all.

27 //

28 //

DEFENDANT BROSNAN RISK CONSULTANTS, LTD'S ANSWER TO PLAINTIFF RAYMOND MURILLO'S
COMPLAINT

As for Affirmative Defenses, Defendant alleges as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

The Complaint, and each and every claim alleged therein, fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Laches)

Defendant is informed and believes, and based thereon alleges, that the Complaint, or portions thereof, is barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Defendant is informed and believes, and based thereon alleges, that to the extent Plaintiff and the alleged members of the putative classes seek equitable relief, Plaintiff's and the alleged members of the putative class' inequitable conduct constitutes unclean hands and bars the granting of such equitable relief.

### FOURTH AFFIRMATIVE DEFENSE

#### (Waiver)

By their conduct, Plaintiff and the alleged members of the putative class have waived any rights to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

### FIFTH AFFIRMATIVE DEFENSE

#### (Equitable Estoppel)

Defendant is informed and believes, and based thereon alleges, that each and every cause of action in the Complaint is barred by reason of acts, omissions, representations and courses of conduct by Plaintiff and the alleged members of the putative classes by which Defendant was led to rely to its detriment, thereby barring, under the doctrine of equitable estoppel, any causes of action asserted by Plaintiff and the alleged putative classes.

//

### SIXTH AFFIRMATIVE DEFENSE

**(Apportionment)**

Defendant is informed and believes, and based thereon alleges, that the matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of a third party or parties or Plaintiff and/or the alleged putative class. Accordingly, the liability of Defendant and any other responsible parties, named or unnamed, should be apportioned according to their respective degrees of fault or other legal responsibility, and the liability, if any, of Defendant should be reduced accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Defendant is informed and believes, and based thereon alleges, that the Complaint, or portions thereof, is barred by the applicable statutes of limitations, including but not limited to those set forth in California Code of Civil Procedure Sections 338, 340, and 343.

### EIGHTH AFFIRMATIVE DEFENSE

**(Res Judicata and Collateral Estoppel)**

Defendant is informed and believes, and based thereon alleges, that Plaintiff's and the alleged putative class' claims are barred under the doctrines of collateral estoppel and res judicata.

### NINTH AFFIRMATIVE DEFENSE

**(No Damages)**

Defendant is informed and believes, and based thereon alleges, that Plaintiff and the alleged putative class did not suffer damages as a result of Defendant's alleged conduct and are therefore not entitled to damages.

### TENTH AFFIRMATIVE DEFENSE

**(Conduct Reasonable and In Good Faith/Not Willful)**

Defendant contends that, if Defendant is found to have failed to pay Plaintiff and the alleged members of the putative class as defined in the Complaint, any amount due, allegations which Defendant denies, Defendant acted at all times on the basis of good faith and reasonable belief that it had complied fully with California wage and hour laws and was in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of

3

the California's Industrial Welfare Commission, California's Labor Code, the United States Department of Labor, and/or other governmental agencies.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Hours)

Defendant is informed and believes, and based thereon alleges, that Plaintiff's and the alleged members of the putative class' claims alleging failure to pay compensation for all hours worked are barred because, to the extent Plaintiff and the alleged members of the putative class worked any time for which they were not paid, such time was *de minimis* as a matter of law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Arbitration)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or the alleged putative class and Defendant executed arbitration agreements that encompass the claims alleged in the Complaint, and Defendant expressly reserves the right to move to compel arbitration pursuant to the parties' written agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Release)

To the extent Plaintiff and the alleged members of the putative class have executed releases encompassing claims alleged in the Complaint, their claims are barred by that release.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

Defendant is informed and believes, and based thereon alleges, that the Complaint, and each purported cause of action set forth therein, have always been, and continue to be, frivolous, unreasonable, in bad faith, and groundless.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure To Utilize Protective Procedures/Avoidable Consequences)

Defendant is informed and believes, and based thereon alleges, that Plaintiff and the alleged members of the putative class unreasonably failed to take advantage of any preventive or corrective opportunities provided to avoid harm or otherwise.  Defendant is informed and believes, and based

DEFENDANT BROSNAN RISK CONSULTANTS, LTD'S ANSWER TO PLAINTIFF RAYMOND MURILLO'S COMPLAINT

thereon alleges, that Plaintiff and the alleged members of the putative class did not complain, orally or in writing, about Defendant's alleged failure to pay all wages, failure to provide meal and/or rest periods, failure to provide accurate wage statements, failure to pay wages timely during employment and/or upon termination, failure to reimburse business expenses, and/or engagement in any unlawful business practices.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Causation)

Defendant is informed and believes, and based thereon alleges, that each cause of action set forth in the Complaint and the recovery of damages, if any, are barred either in whole or in part, because the actions of Defendant did not cause any harm or damages to Plaintiff and the alleged members of the putative class.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Alter Ego Liability)

Plaintiff's Complaint, and each and every cause of action therein, fails because Defendant was and is not the alter ego of any other defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Uncertain Damages)

Defendant is informed and believes, and based thereon alleges, that Plaintiff's and the alleged members of the putative class' claims are barred, in whole or in part, because the damages sought are uncertain, ambiguous, unintelligible, and/or non-existent.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Payment)

Defendant alleges Plaintiff and the alleged members of the putative class have been paid all wages due and owed.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Unauthorized Work)

Defendant is informed and believes, and based thereon alleges, that to the extent Plaintiff and the alleged members of the putative class did work any time, including overtime and double time, for which

they were not paid, such work was unauthorized and/or performed without Defendant's knowledge.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (All Overtime Time Work Paid)

Defendant is informed and believes, and based thereon alleges, that to the extent Plaintiff and the alleged members of the putative class did work any overtime, such work was paid in accordance with any and all applicable regulations, statutes, and Wage Orders.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Record Hours Worked)

Any recovery on Plaintiff's Complaint with respect to the allegations for failure to pay wages for all time worked, including overtime and double time, is barred to the extent Plaintiff and the alleged members of the putative class failed to record all time worked as reasonably expected and required by Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (All Breaks Provided or Waived)

Defendant is informed and believes, and based thereon alleges, that all meal and/or rest periods were provided, permitted and/or voluntarily waived by Plaintiff and the alleged members of the putative class consistent with any and all applicable regulations, statutes, and Wage Orders.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Take or Record Meal Periods)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff and the alleged members of the putative class failed to take and/or record meal periods, as reasonably expected and provided by Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Take or Record Rest Periods)

Plaintiff's Complaint, and each purported cause of action alleged therein, are barred, in whole or in part, to the extent Plaintiff and the alleged members of the putative class failed to take and/or record rest periods, as reasonably expected and provided by Defendant.

//

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Meal and Rest Period Premiums Are Not Wages)

Defendant is informed and believes, and based thereon alleges, that any meal period and rest period premiums are not wages. *Naranjo et al. v. Spectrum Security Services, Inc.* (2019) 40 Cal.App.5th 444; *Kirby v. Imoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Business Expense Reimbursements)

Defendant is informed and believes, and based thereon alleges, that Plaintiff and the alleged members of the putative classes did not incur any business expenses and/or were at all times reimbursed for any business expenses incurred.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Accurate Wage Statements)

Defendant is informed and believes, and based thereon alleges, that Plaintiff and the alleged members of the putative class were at all times provided with accurate wage statements in compliance with any and all applicable regulations, statutes, and Wage Orders.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Injury)

Plaintiff's claim for penalties under Labor Code Sections 226 and/or 226.3 is barred, in whole or in part, because Defendant's alleged conduct was not knowing and intentional, and because Plaintiff and the alleged members of the putative class did not suffer injury as a result of Defendant's alleged noncompliance with Section 226 and/or 226.3.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Wage Statements Accurately Reflected Wages Paid)

Plaintiff's claim for penalties under Labor Code Sections 226 and/or 226.3 is barred because the wage statements received by Plaintiff and the alleged members of the putative class were accurate in that they reflected the wages paid to Plaintiff and the alleged members of the putative class. *Maldonado v. Epsilon Plastics, Inc.* (2018) 22 Cal.App.5th 1308.

//

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Derivative Penalties Under Labor Code Section 226)

Plaintiff's claim for penalties under Labor Code Sections 226 and/or 226.3 is barred to the extent it is based on Defendant's alleged failure to provide meal and/or rest periods. *Naranjo, et al. v. Spectrum Security Services, Inc.* (2019) 40 Cal.App.5th 444.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Records Maintained)

Defendant is informed and believes, and based thereon alleges, that at all times it maintained accurate payroll records for Plaintiff and the alleged members of the putative class.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (All Wages Timely Paid)

Defendant is informed and believes, and based thereon alleges, that Plaintiff and the alleged members of the putative class were paid all wages due to them on a timely basis.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (All Wages Timely Paid Upon Separation)

Defendant is informed and believes, and based thereon alleges, that Plaintiff and the alleged members of the putative class were paid all wages due to them, at the time of separation, whether voluntary or involuntary, on a timely basis.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties)

Defendant is informed and believes, and based thereon alleges, that Plaintiff's claim for waiting time penalties pursuant to Labor Code Section 203 is barred because Defendant did not willfully withhold wages over which there was no good faith dispute and in fact acted at all times with the good faith belief that Plaintiff and the alleged members of the putative class were compensated as required by law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Derivative Penalties Under Labor Code Section 203)

Plaintiff's claim for penalties under Labor Code Section 203 is barred to the extent it is based on Defendant's alleged failure to provide meal and/or rest periods. *Naranjo, et al. v. Spectrum Security*

8

DEFENDANT BROSNAN RISK CONSULTANTS, LTD'S ANSWER TO PLAINTIFF RAYMOND MURILLO'S COMPLAINT

1 | *Services, Inc.* (2019) 40 Cal.App.5th 444.

2 | ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

3 | ### (Good Faith Dispute)

4 | Defendant is informed and believes, and based thereon alleges, that Plaintiff's claim for waiting

5 | time penalties should be denied because a good faith dispute exists as to whether any wages are due to

6 | Plaintiff and the alleged members of the putative class.

7 | ### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

8 | ### (No Violation of Business and Professions Code Section 17200, *et seq.*)

9 | Defendant is informed and believes, and based thereon alleges, its business actions or practices

10 | were not unfair, unlawful, fraudulent or deceptive within the meaning of Business and Professions Code

11 | Section 17200, *et seq.*

12 | ### THIRTY-NINTH AFFIRMATIVE DEFENSE

13 | ### (No Injunctive Relief)

14 | Plaintiff is not entitled to any equitable or injunctive relief as prayed for in the Complaint because

15 | Plaintiff and the alleged members of the putative class have suffered no irreparable injury based on any

16 | alleged conduct of Defendant.  Plaintiff and the alleged members of the putative class have an adequate

17 | remedy at law for any such conduct, and Plaintiff and some alleged members of the putative class are

18 | former employees who lack standing to seek injunctive relief.

19 | ### FORTIETH AFFIRMATIVE DEFENSE

20 | ### (No Availability of Damages)

21 | Pursuant to the Business and Professions Code Section 17200, *et seq.*, Plaintiff and the alleged

22 | members of the putative class are not entitled to an award of damages.

23 | ### FORTY-FIRST AFFIRMATIVE DEFENSE

24 | ### (No Double Recovery)

25 | Plaintiff and the alleged members of the putative class are not entitled to duplicative recovery

26 | under the purported causes of action alleged in the Complaint.

27 | //

28 | //

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (No Attorney's Fees)

Plaintiff and the alleged members of the putative class are not entitled to recover attorneys' fees for their claims, including but not limited to his Third and Fourth Causes of Action, pursuant to the California Supreme Court's decision in *Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Interest)

Plaintiff's Complaint fails to state a claim upon which any interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of interest.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (No Class Certification)

Plaintiff has not and cannot satisfy the requirements for certification of a class pursuant to California Code of Civil Procedure Section 382 and/or Federal Rule of Civil Procedure 23.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Not an Adequate Class Representative)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is not appropriate for class certification because Plaintiff is not able to fairly and adequately represent and protect the interests of all members of the class as a whole, and/or any subclasses within the class as a whole.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Conflict of Interest)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is not appropriate for class certification because the interests of Plaintiff are in conflict with the interests of all or certain of the alleged members of the putative class whom Plaintiff seeks to represent.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Fact Intensive Issues)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is not appropriate for class certification because the liability issues raised by the Complaint require a detailed,

10

fact-specific and individualized inquiry that must be decided employee by employee, for each and every day and/or workweek.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Individual Issues Predominate)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is not appropriate for class certification because the facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiff and the alleged members of the putative class predominate.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Not Numerous)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is not appropriate for class certification because the class as a whole, and/or any subclasses within the class as a whole, are not sufficiently numerous.

## FIFTIETH AFFIRMATIVE DEFENSE

### (Not Typical)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is not appropriate for class certification because the claims of Plaintiff are not typical of the claims of the alleged members of the putative class, and therefore, Plaintiff is not an adequate representative of the alleged putative class members.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is not appropriate for class certification because Plaintiff fails to satisfy the prerequisites for class certification, and as such, Plaintiff lacks standing and cannot represent the interests of others as to each of the purported causes of action.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Not Superior)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is not

DEFENDANT BROSNAN RISK CONSULTANTS, LTD'S ANSWER TO PLAINTIFF RAYMOND MURILLO'S COMPLAINT

appropriate for class certification because a far speedier administrative remedy before the California State Labor Commissioner is available to Plaintiff and each alleged member of the putative class, and thus class treatment is not the superior method for resolving the claims set forth in the Complaint.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (Class Action – Unconstitutional)

Certification of a class and/or allowing the action to proceed with Plaintiff as a representative would constitute a denial of Defendant's substantive and procedural due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution and/or a denial of Defendant's equal protection.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (Affirmative Defenses Apply to All Putative Class Members)

Defendant opposes class certification and disputes the propriety of class treatment.  If the Court certifies a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Unknown Affirmative Defenses)

Plaintiff's Complaint contains insufficient information to permit Defendant to raise all appropriate defenses, and Defendant therefore reserves its right to amend and/or supplement this Answer to assert additional affirmative defenses against Plaintiff.

//
//
//
//
//
//
//
//
//

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment as follows:

1.      That Plaintiff's Complaint be dismissed in its entirety;

2.      That Plaintiff takes nothing by reason thereof;

3.      That judgment be entered in favor of Defendant;

4.      That Defendant be awarded their attorneys' fees and costs incurred in connection with this action, if allowable by law or contract; and,

5.      For such other and further relief as the Court may deem just and proper.

DATED: July 23, 2021                              O'HAGAN MEYER

                                        By: _____
                                             Matthew C. Sgnilek, Esq.
                                             Andrea Rosenkranz, Esq.

                                             Attorney for Defendant,
                                             BROSNAN RISK CONSULTANTS, LTD

DEFENDANT BROSNAN RISK CONSULTANTS, LTD'S ANSWER TO PLAINTIFF RAYMOND MURILLO'S COMPLAINT

## PROOF OF SERVICE

*Raymond Murillo, et al. v. Brosnan Risk Consultants, Ltd.*
*San Bernardino Superior Court Case No. CIVSB2106646*

I am over the age of eighteen years and not a party to the within action.  I am employed by O'HAGAN MEYER, whose business address is 1601 Pacific Coast Highway, Suite 290, Hermosa Beach, CA 90254.

On **July 23, 2021**, I served the within document(s) described as:

**DEFENDANT BROSNAN RISK CONSULTANTS, LTD'S ANSWER TO PLAINTIFF RAYMOND MURILLO'S COMPLAINT**

On the parties in said action as follows:

See Service List

☒   **[BY ELECTRONIC SERVICE]** – Pursuant to CCP § 1010.6 I caused such document(s) to be electronically transmitted to the email addresses of the parties listed on the Service List pursuant to agreement with counsel for the parties to receive service by e-mail.

☐   **[BY MAIL SERVICE]** – Pursuant to CCP § 1013 I caused the documents described above to be deposited for processing in the mailroom in our office.  I am "readily familiar" with the firm's practices of collection and processing correspondence for mailing.  It is deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Hermosa Beach, California, in the ordinary course of business.

☐   **[BY OVERNIGHT SERVICE]** – Pursuant to CCP § 1013 I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐   **[BY PERSONAL SERVICE]** – Pursuant to CCP § 1011 - I caused such document(s) to be hand delivered to the addressee(s) so indicated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 23, 2021,** at Hermosa Beach, California.

_____
Liana Bickford

1
PROOF OF SERVICE

1

## SERVICE LIST

2

3

*Raymond Murillo, et al. v. Brosnan Risk Consultants, Ltd.*
*San Bernardino Superior Court Case No. CIVSB2106646*

4

5

| Attorneys for Plaintiff Raymond Murillo, individually, and on behalf of all others similarly situated | SAMUEL A. WONG<br>KASHIF HAQUE<br>JESSICA L. CAMPBELL<br>**AEGIS LAW FIRM, PC**<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>Email: swong@aegislawfirm.com<br>Email: khaque@aegislawfirm.com<br>Email: jcampbell@aegislawfirm.com |
| --- | --- |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## <u>CERTIFICATE OF SERVICE</u>

*Raymond Murillo, et al. v. Brosnan Risk Consultants, Ltd.*
*San Bernardino Superior Court Case No. CIVSB2106646*

I am over the age of eighteen years and not a party to the within action.  I am employed by O'HAGAN MEYER, whose business address is 1601 Pacific Coast Highway, Suite 290, Hermosa Beach, CA 90254.

On **July 23, 2021**, I served the within document(s) described as:

**DECLARATION OF MATTHEW C. SGNILEK, ESQ. IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**

On the parties in said action as follows:

See Service List

☒      **[BY ELECTRONIC SERVICE]** – I caused such document(s) to be electronically transmitted to the email addresses of the parties listed on the Service List pursuant to agreement with counsel for the parties to receive service by e-mail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **July 23, 2021,** at Hermosa Beach, California.


Liana Bickford

## SERVICE LIST

*Raymond Murillo, et al. v. Brosnan Risk Consultants, Ltd.*
*San Bernardino Superior Court Case No. CIVSB2106646*

| Attorneys for Plaintiff Raymond Murillo, individually, and on behalf of all others similarly situated | SAMUEL A. WONG<br>KASHIF HAQUE<br>JESSICA L. CAMPBELL<br>**AEGIS LAW FIRM, PC**<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>Email: swong@aegislawfirm.com<br>Email: khaque@aegislawfirm.com<br>Email: jcampbell@aegislawfirm.com |
|---|---|